IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VERNON MONTGOMERY,        )
                                    )
               Plaintiff,     )
                                    )
              v.            )   C.A. No. 25-597 (MN)
                                    )
CAPTAIN SENATO, et al.,     )
                                    )
            Defendants.    )

## <u>MEMORANDUM OPINION</u>

Vernon Montgomery, James T. Vaughn Correctional Center, Smryna, Delaware – *Pro Se* Plaintiff

June 27, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On May 14, 2025, Plaintiff Vernon Montgomery, an inmate at James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, initiated this action pro se, alleging civil rights claims against Defendants Captain Senato, LT. C. Morris, C.O. Harmon, Warden Brian Emig, Dep. Warden Brennan, and Dep. Warden Beck. (*See* D.I. 2). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the Complaint (D.I. 2) pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

## I.    BACKGROUND

The Complaint alleges that Defendants violated Plaintiff's Fifth, Sixth, Eighth, and Fourteenth Amendment rights at JTVCC between December 2023 and the present. (D.I. 2 at 5). The following facts are taken from Plaintiff's Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

Plaintiff had a clean bill of health prior to incarceration. (D.I. 2 at 5). Shortly after being transferred to JTVCC, Plaintiff's cholesterol levels started to rise. (*Id.*). Plaintiff had previously spent time in jail in Washington, D.C., but his cholesterol levels remained normal during this period. (*Id.*). As such, Plaintiff suspected JTVCC food services was responsible for his heightened cholesterol levels. (*Id.*). Plaintiff wrote letters to JTVCC officials regarding this matter and Defendant Beck said that he would look into it. (*Id.* at 6). Plaintiff requested to be served a piece of fresh fruit at every meal, to see the containers food arrives in to verify accuracy and authenticity, and to have access to nutrition information for food served, but these requests were denied. (*Id.* at 6-7). In January 2025, Plaintiff stopped eating meat served by JTVCC food services and started only eating meat purchased from commissary. (*Id.* at 7). Since then, Plaintiff's cholesterol levels have returned to normal. (*Id.*).

Based on the foregoing, Plaintiff seeks $300,000 in money damages and injunctive relief, including a surprise audit of JTVCC food services and an order requiring JTVCC to share the nutrition information listed on the packaging of food served. (*Id.* at 8).

## II.   DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds pro se, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014)

(per curiam).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Even when liberally construing Plaintiff's pleading and reviewing the Complaint in the light most favorable to him, the Complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because it fails to state a claim upon which this Court can grant relief.  At the outset, the Court notes that, without sufficient factual support, it cannot credit Plaintiff's fears that, for example, the chicken served at JTVCC is not actually chicken, or other related concerns.  Although the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Complaint merely expresses that Plaintiff is dissatisfied with the offerings of JTVCC food services (and potentially, justifiably so), but it fails to state that the food is so deficient as to violate Plaintiff's constitutional rights.  If JTVCC food services intentionally did not accommodate (or other officials intentionally deprived Plaintiff of) a special diet that was medically ordered and JTVCC-approved, or so obviously needed that even a casual observer would understand failure to

provide would result in serious negative health effects, Plaintiff may be able to state an Eighth Amendment claim that passes screening.  *See, e.g., Phillips v. Superintendent Chester SCI*, 739 F. App'x 125, 129 (3d Cir. 2018); *Jackson v. Gordon*, 145 F. App'x 774, 776 (3d Cir. 2005).  Short of that, Plaintiff's claims regarding JTVCC food services do not rise to the level of a constitutional violation.

Because it is not inconceivable that Plaintiff could cure the deficiencies with his Eighth Amendment claim, he will be granted leave to amend the Complaint.  An Amended Complaint must name as Defendants parties personally involved in the events alleged to have occurred and explain each Defendants involvement.  If Plaintiff files an Amended Complaint that does not cure the deficiencies in his Eighth Amendment claim, the Amended Complaint will be dismissed with prejudice.  If Plaintiff files no Amended Complaint, the Complaint will be dismissed without prejudice and this case will be closed.

## III.    <u>CONCLUSION</u>

For the above reasons, the Court will dismiss without prejudice the Complaint (D.I. 2) pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

An appropriate Order will be entered.